Filed 6/15/16  P. v. Soltero CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOEL SOLTERO,<br><br>    Defendant and Appellant. | B268374<br><br>(Los Angeles County<br>Super. Ct. No. PA083022) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Joel Soltero's appointed attorney filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raises no issues and asks us to independently review the record. We invited defendant to submit a supplemental brief and he has, presenting multiple contentions of error that in his view warrant reversal. In the paragraphs that follow, we summarize the facts and explain why defendant's contentions are not cognizable on appeal.

The District Attorney charged defendant with one count of possession of child pornography after a prior conviction for such possession in violation of Penal Code section 311.11, subdivision (b).[1] The information further alleged (a) defendant was out on bail or his own recognizance in case number PA080876 when he committed the current offense, and (b) defendant had suffered a prior serious or violent felony within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12).

Defendant entered a no contest plea to the child pornography charge in this case and admitted that he had suffered a prior strike conviction. He also pled no contest in case number PA080876 to one count of committing a lewd act on child in violation of section 288, subdivision (a), and one count of falling to update his sexual offender registration annually in violation of section 290.12, subdivision (a). Pursuant to a plea agreement, the court sentenced defendant to a total term of 10 years. The court designated case number PA080876 as the principal case, and imposed a sentence of seven years, four months for the convictions in that case. In this case, PA083022, the trial court imposed one-third the mid-term, doubled pursuant the Three Strikes Law, for a total term of two years, eight months, to be served consecutively to the sentence in case number PA080876. The court imposed the requisite fines, fees, and assessments, and gave defendant a total of 241 days of sentencing credit (210 days of actual custody and 31 days of conduct credit).

---

[1]     Statutory references that follow are to the Penal Code.

2

Defendant filed a notice of appeal in propria persona, and requested a certificate of probable cause. The trial court denied the request on February 16, 2016. On February 26, 2016, this court ordered defendant's appeal limited to non-certificate issues.

Defendant's supplemental brief contends (1) officers violated his Fourth Amendment rights when they arrested him inside his home without a warrant, (2) there was no probable cause for the committing a lewd act on a child charge because the victim of the lewd act was unable to identify the area where she was touched at the preliminary hearing, and (3) there was no probable cause for the failure to register as a sex offender charge because the detective admitted at the preliminary hearing that defendant had initiated contact for registration. Defendant also argues his attorney was constitutionally ineffective in (1) failing to obtain a copy of a previously conducted psychological evaluation of defendant showing he had begun the process of obtaining a certificate of rehabilitation, (2) failing to challenge the conduct of the FBI agents when searching defendant's house, and (3) generally failing to prepare for trial.

Because defendant is appealing after entry of a no contest plea without a certificate of probable cause, his appeal is limited to claims of error in the sentence or other matters occurring after the plea that do not affect the validity of the plea. (§ 1237.5; Cal. Rule of Court 8.304(b).)[2] None of the claims defendant asserts in his supplemental brief concern his sentence or issues arising after sentencing. Accordingly, we do not reach those contentions.

We have independently examined the record and we are satisfied defendant's attorney on appeal has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106, 122-124.)

---

[2]    A defendant may also appeal the denial of a motion to suppress evidence under section 1538.5 without obtaining a certificate of probable cause. There is nothing in the record on appeal to indicate that defense counsel filed any such motion.

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



TURNER, P.J.



RAPHAEL, J.*

---

*   Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.